IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------x
                                               :
NIROSHINID KALLICHAVAN              :        3:13 CV 1365 (CSH)
                                               :
v.                                             :
                                               :
INTERNAL REVENUE SERVICE             :        DATE: SEPTEMBER 24, 2013
                                               :
-----------------------------------------------x
```

RULING ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND ORDER RECOMMENDING DISMISSAL

On September 18, 2013, plaintiff Niroshinid Kallichavan commenced this action pro se against defendant Internal Revenue Service claiming that he failed to file his 2006 taxes due to mental and physical illness.  (Dkt. #1). On the same day plaintiff commenced this action, he also filed a Motion for Leave to Proceed In Forma Pauperis (Dkt. #2), which motion was referred to this Magistrate Judge five days later.  (Dkt. #4).

The decision to grant in forma pauperis status is a two-step process: (1) first, the court determines whether a plaintiff's financial status merits proceeding with the action without prepaying the filing fee, and if it does, (2) the court considers the merits of the claim. Andrews v. Conn., No. Civ. 3:04 MO 345 (TPS), 2005 WL 2136913, at *1 (D. Conn. Aug. 19, 2005)(citation omitted).   On the basis of his financial affidavit (see Dkt. #2), plaintiff satisfies the first step in the Court's inquiry.

The same statute that authorizes the Court to grant in forma pauperis status to plaintiff also contains a provision that protects against the abuse of this privilege.  Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).  A claim is "frivolous" if it lacks an arguable basis in either law or fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hidalgo-Disla v. INS, 52 F.3d 444, 446-47 (2d Cir. 1995).  Federal courts are courts of limited jurisdiction.  U.S. CONST., Art. III.  To come within this Court's subject matter jurisdiction, plaintiff must plead a colorable claim arising under the Constitution or laws of the United States, or a claim between parties with complete diversity of citizenship and damages exceeding $75,000.  See Da Silva v. Kinsho Int'l Corp, 229 F.3d 358, 363 (2d Cir. 2000).

> In considering the second step of the requisite analysis, this Court notes that
>
> An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989)).  A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir.1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.1995).

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)(internal quotations omitted).

In the pending action, plaintiff claims a defense to his failure to file his 2006 taxes.  He does not allege a claim against the Internal Revenue Service, nor does he set forth any legal theory for his case.   Even construing plaintiff's claims in a light most favorable to him given his pro se status, see Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013), and interpreting plaintiff's factual allegations to "raise the strongest arguments that they suggest[,]" Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)(citation and internal quotations omitted), plaintiff fails to state a claim against the Internal Revenue Service.

Accordingly, the pro se plaintiff's Motion to Proceed In Forma Pauperis is granted, but

the Magistrate Judge recommends that this action be dismissed.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 24th day of September, 2013.

　　　　　　　　　　　　　　　　　　　　　　  /s/ Joan G. Margolis, USMJ  
　　　　　　　　　　　　　　　　　　　　　　Joan Glazer Margolis  
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge